**SO ORDERED.**

**SIGNED this 08 day of August, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

BLANCHARD TRANSPORTATION
SERVICES, INC.,

    Debtor.                                                      CASE N0. 07-01830-8-JRL

                                                                           CHAPTER 11

_____

**ORDER**

This case came before the court on a motion for relief from stay filed by Commercial Credit Group, Inc. ("CCG"). On August 2, 2007, the court conducted a hearing on this matter in Wilson, North Carolina.

**FACTUAL BACKGROUND**

On May 15, 2007, Blanchard Transportation Services, Inc. filed for relief under chapter 11 of the Bankruptcy Code. Debtor has retained possession of its assets and has operated as a debtor in possession since the petition date. Prior to the petition, the debtor executed and delivered to CCG a promissory note and a security agreement dated April 27, 2007. Based on the security agreement, CCG was granted a security interest in two 2004 Freightliner trucks, VIN 1FUJA6CGX4LM11366 and VIN 1FUJA6CG74LM11213. On May 4, 2007, the purchase price

of the trucks was paid by CCG to the dealer and the debtor took possession of the trucks. On May 22, 2007, CCG delivered the applications for notation of the security interest to the North Carolina Division of Motor Vehicles. That same day, the Division of Motor Vehicles issued certificates of title for the trucks, which listed the first lien holder as CCG.

## ANALYSIS

The debtor contends that it is undisputed that the application for notation of the security interest was not delivered to the Division of Motor Vehicles until May 22, 2007, which was more than 20 days after April 27, 2007, the date the security agreement was executed. The debtor argues that based on N.C. Gen. Stat. § 20-58.2, the lien in favor of CCG was not perfected until May 22, 2007, which was after the debtor filed bankruptcy. Therefore, according to the debtor, the lien is avoidable. On the other hand, CCG contends that the court should look to May 4, 2007, as the date on which the security agreement became enforceable because that was the day on which the trucks were actually purchased and delivered. The issue before the court is the date under North Carolina law on which CCG obtained a properly perfected security interest in the two trucks.[1]

North Carolina law provides that, "[i]f the application for notation of security interest with the required fee is delivered to the Division within 20 days after the date of the security agreement, the security interest is perfected as of the date of the execution of the security agreement. Otherwise, the security interest is perfected as of the date of delivery of the application to the Division." N.C. Gen. Stat. § 20-58.2. The statute focuses on two dates, the date

---

[1] The parties have agreed that this issue may be resolved by motion rather than by adversary proceeding.

of the security agreement and the date of the application for notation of the security interest to the Division of Motor Vehicles.

    In this case, CCG argues that the security agreement, although signed on April 27, 2007, was not effective until May 4, 2007. According to CCG, in order to have a security agreement the basic elements of a contract must be present, which includes consideration. CCG contends that prior to May 4, 2007, there was no valid security agreement but merely an approval by CCG to the debtor for future financing. CCG argues that only when consideration was provided was the security agreement actually created. Therefore, CCG asserts the security agreement was created on May 4, 2007, which was the date that CCG paid the purchase price and the trucks were delivered to the debtor. Using May 4, 2007, as the date of the security agreement, the application for notation of the security interest was delivered within 20 days of the security agreement. The security interest would therefore have been perfected as of April 27, 2007, the day the security agreement was executed.

    Even using CCG's own theory, it still does not have a properly perfected security interest in the trucks.[2] The promissory note executed by the debtor and CCG required the debtor to make the first monthly payment on May 1, 2007. There is no evidence that the debtor breached the contract by failing to make that first payment.[3] Therefore, even if there was no contract on April 27, 2007, the security agreement became binding on May 1, 2007, when the debtor made the first

---

[2] Although the court is not persuaded that there was no valid contract and thus no valid security agreement on April 27, for the purpose of this motion the court does not need to determine that issue.

[3] Commendably, subsequent to the hearing, counsel for CCG confirmed that the first payment due under the agreement was tendered to CCG at the April 27 closing and applied to the loan on or before May 1.

payment and thus provided consideration, in turn obligating CCG to procure the vehicles. Since the applications for notation of the security interest were not filed within 20 days of May 1, 2007, the security interest is perfected as of the date of delivery of the application to the Division of Motor Vehicles, which is May 22, 2007.

Under § 362(a), a voluntary petition filed under § 301 operates as a stay of "any act to create, perfect, or enforce any lien against property of the estate[.]" 11 U.S.C. § 362(a)(4). The debtor filed a chapter 11 petition on May 15, 2007. When CCG delivered the application for notation of the security interest to the Division of Motor Vehicles on May 22, 2007, the automatic stay was already in effect and prohibited any act to perfect a lien against the two trucks. As a result, perfection of CCG's lien on May 22, 2007, was in violation of the automatic stay, and is void.

Based on the foregoing, CCG's motion for relief from stay is denied to the extent that CCG's security interest is based on the May 22, 2007 perfection.

**"END OF DOCUMENT"**