**SO ORDERED.**

**SIGNED this 29 day of February, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

**BLANCHARD TRANSPORTATION SERVICES, INC.**

      Debtor.                                    Case No. 07-01830-8-JRL

_____

**ORDER**

This case is before the court on the motion of the debtor, Blanchard Transportation Services, Inc. (Blanchard), for an order directing turnover of property of the debtor's estate. In response to the debtor's motion, Paschall Services, Inc. (Paschall), requests that the proceedings before the bankruptcy court be stayed or dismissed while the parties submit their disputes to arbitration, or in the alternative, requests that the court dismiss the debtor's motion so that the debtor can initiate the matter as an adversary proceeding. On February 26, 2008, the court conducted a hearing on this matter in Raleigh, North Carolina.

**BACKGROUND**

On May 15, 2007, the debtor filed for relief under Chapter 11 of the Bankruptcy Code. The debtor is a North Carolina corporation headquartered in Kenansville, N.C. and is engaged in the business of providing trucking services. The debtor provided hauling services to Paschall

pursuant to an agreement dated February 22, 2007.  It is undisputed that for the period from July 31, 2007 to October 30, 2007, the debtor provided hauling services to Paschall for a total invoice amount of $68,546.38.  The debtor issued invoices immediately upon the provision of the services and, under the terms of each invoice, payment was due within thirty days of receipt.  It is also undisputed that the debtor has not received payment from Paschall for these services.

      The debtor asserts that Paschall made a number of unjustified offsets against the amounts owed to the debtor in the aggregate amount of $53,591.00.  According to the debtor, the total outstanding amount owed by Paschall to the debtor is $122,137.38.  The debtor contends that Paschall does not possess any valid rights of setoff against the debtor, nor any other defenses to this debt, and that the debt owed by Paschall in the amount of $122,137.38 is property of the debtor's estate and is subject to turnover pursuant to 11 U.S.C. § 542(b).  The debtor further asserts that an entry of an order directing turnover and accounting is necessary to protect the interests of the debtor's estate, as well as the creditors of the debtor.

      Paschall responds to the debtor's motion by contending that the contract between the debtor and Paschall provides a specific procedure for dispute resolution which requires prompt mediation and binding arbitration in Murray, Kentucky.  Therefore, Paschall contends that all proceedings before the bankruptcy court should be stayed or dismissed while the parties submit their disputes for resolution through arbitration.  In the alternative, Paschall asserts that if this matter stays before the bankruptcy court, it should be brought as an adversary proceeding pursuant to Bankruptcy Rule 7001.  Accordingly, Paschall contends that the debtor's motion should be dismissed so that the debtor can initiate the action as an adversary proceeding.

## ANALYSIS

a.   *Enforceability of Arbitration Provision*

The primary Fourth Circuit case regarding the enforcement of arbitration provisions in contracts involving Chapter 11 debtors is White Mountain Mining Co., LLC v. Congelton, LLC (In re White Mountain Mining Co.), 403 F.3d 164, 168-70 (4th Cir. 2005).  In White Mountain, the Fourth Circuit applied the test articulated by the United States Supreme Court in Shearson/Am. Express Inc. v. McMahon, 482 U.S. 220, 226 (1987) for determining whether overriding an arbitration clause is permissible in an adversary proceeding involving a Chapter 11 debtor.  Under the McMahon test, the burden is on the party opposing arbitration to show that Congress intended to "limit or prohibit waiver of a judicial forum for a particular claim" under the Federal Arbitration Act (FAA).  McMahon at 227.  The determination of whether or not an arbitration clause can be enforced depends on whether the proceeding is a "core proceeding" as defined by 28 U.S.C. § 157(b).  White Mountain, 403 F.3d at 168-70.

At the hearing, the debtor presented three arguments as to why this matter should be defined as a core proceeding.  First, the debtor asserts that this matter is a core proceeding because it began as an order to turn over estate property, which is one of the specifically enumerated "core proceedings" listed in Section 157(b).  28 U.S.C. § 157(b)(2)(E).  In the alternative, the debtor argues that this matter is a core proceeding because it involves the allowance or disallowance of claims against the estate and is therefore a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).  Third, the debtor argues that this is a core proceeding because it concerns the administration of the estate, and is therefore a core proceeding under 28 U.S.C. § 157(b)(2)(A).

Conversely, Paschall argues that the FAA mandates the enforcement of the contractual arbitration provision. Paschall contends that the FAA requires that courts uphold arbitration agreements except where grounds exist, at law or in equity, for the revocation of a contract. Specifically, Paschall argues that the bankruptcy court does not have discretion to override an arbitration agreement unless it finds that the proceedings are based on provisions of the Bankruptcy Code that inherently conflict with the FAA or where arbitration would jeopardize the objectives of the Bankruptcy Code. Paschall asserts that concerns about delay and cost alone are insufficient to deny enforcement of a contractual obligation to arbitrate and that enforcing the arbitration clause would not substantially interfere with the debtor's reorganization efforts.

The court agrees with the debtor that the matter before the court is clearly a core proceeding under 28 U.S.C. § 157(b) and the Fourth Circuit's rationale in White Mountain, and rejects Paschall's contention that the court lacks discretion to deny enforcement of the arbitration provision. In White Mountain, the Fourth Circuit concluded that "[a]rbitration is inconsistent with centralized decision-making because permitting an arbitrator to decide a core issue would make debtor-creditor rights 'contingent upon an arbitrator's ruling' rather than the ruling of the bankruptcy judge assigned to hear the debtor's case." White Mountain at 169. The Fourth Circuit further noted that "arbitration [is] inconsistent with the purpose of bankruptcy laws to centralize disputes about a [C]hapter 11 debtor's legal obligations so that the reorganization can proceed efficiently." Id. at 170. The matters presented here fall squarely within White Mountain's recognition of centrality in the administration of the bankruptcy case. The funds sought by the debtor in this case are an integral part of the debtor's plan of reorganization. The debt allegedly owed by Paschall is $122,137.38, which is a significant portion of the debtor's

4

revenue. These funds were included in the debtor's projections and are intended to be used to make plan payments. Additionally, there is nothing more central to the jurisdiction of the bankruptcy court than overseeing a debtor while it is in Chapter 11 and allocating the consequences thereof. The court is aware of no case that has deferred to arbitration to determine the administrative expenses in a Chapter 11 case, which any counterclaim of Paschall's would clearly be. Therefore, the issues presented here clearly constitute a core proceeding of the bankruptcy court. This court followed a similar analysis in refusing to enforce an arbitration provision in a fraudulent conveyance action in In re Aeronautical Solutions, LLC v. Commercial Debt Counseling Corp. d/b/a Amerassist, Inc., (In re Aeronautical Solutions, LLC), L-06-00261-8-AP (Bankr. E.D.N.C. June 8, 2007). For these reasons, Paschall's motion to defer ruling in favor of arbitration is denied.

b. *Paschall's Motion to Dismiss*

Paschall also moves the court to dismiss the debtor's motion because the matters presented here are required to be brought as an adversary proceeding pursuant to Bankruptcy Rule 7001. Bankruptcy Rule 7001 identifies proceedings that are required to be filed as adversary proceedings in bankruptcy court. Relevant to this matter, Rule 7001 provides that an adversary proceeding is required in a "proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002." A motion for turnover of property is proper when "the property being sought is clearly the property of the [d]ebtor but not in the [d]ebtor's possession." In re F.L.R. Co., 58 B.R. 632 (Bankr. W.D. Pa. 1985). However, a motion for turnover is improper when used "to determine the rights of the parties in legitimate

5

contract disputes." Id.

Here, the debtor initiated this matter by filing a motion for an order compelling turnover of funds held by Paschall. In response to that motion, Paschall denies that it owes the requested funds to the debtor. Because Paschall denies that it is holding property of the debtor, this matter is more properly characterized as a contract dispute than as a simple motion for turnover of property of the debtor. Therefore, the court finds that this action should properly be treated as an adversary proceeding.

## CONCLUSION

Based on the forgoing, the debtor's motion for turnover order and Paschall's motion to defer ruling in favor of arbitration are DENIED. This action will be treated as a contested matter and will apply the procedural aspects of an adversary proceeding dictated by Bankruptcy Rule 9014(c). The respondent is given twenty days to amend its response to formally plead a counterclaim, which shall comply with the provision in the confirmed plan regarding assertion of an administrative claim. The clerk is directed to set this matter for an initial scheduling conference.

"**END OF DOCUMENT**"